# WILLIAM H. "BILL" RAY
## ATTORNEY AT LAW
### 512 Main Street, Ste. 308
### Fort Worth, Texas   76102

**(817)698-9090**                                              **(817)698-9092**

August 11, 2015

Court of Criminal Appeals
Clerk's Office
PO Box 12308, Capitol Station
Austin, Texas   78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

RE:   Ex Parte Ronald Wayne Harrison
      CCA No. WR-40-355-04
      Trial Court Case Number 4205-C

Dear Sir/Ma'am,

Enclosed for filing please find a file stamped copy of an Amended Application for Writ of Habeas Corpus in the above referenced case.  After I was appointed in this case, I discovered a couple of additional points and pursuant to previous instructions from this Court, I filed an amended application in the trial court and have provided the Court a copy.

If this is no longer the procedure the Court desires, please let me know.

If you would please send the second file stamped copy back in the enclosed envelope it would be appreciated.

Thank you.

Sincerely,

William H. "Bill" Ray

cc:   Jack County District Attorney's Office
      Wise County Courthouse
      Decatur, Texas 76234

Case No. _4205-C_

(The Clerk of the convicting court will fill this line in.)



40,355-04

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AMENDED

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: RONALD WAYNE HARRISON

DATE OF BIRTH: FEBRUARY 27, 1962

PLACE OF CONFINEMENT: J.V. ALLRED UNIT/T.D.C.J/IOWA PARK, TEXAS

TDCJ-CID NUMBER: 01484657 _____ SID NUMBER: _____

(1) This application concerns (check all that apply):

- ☑ a conviction
- ☐ parole
- ☑ a sentence
- ☐ mandatory supervision
- ☐ time credit
- ☐ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

271ST DISTRICT COURT/JACK COUNTY

(3) What was the case number in the trial court?

4205

(4) What was the name of the trial judge?

HONORABLE JOHN FOSTEL

FILED
9:34 A.M. _____ P.M.

AUG 6 2015

TRACIE PIPPIN DIST. CLERK
JACK COUNTY, TEXAS
BY _____ DEPUTY

Effective: January 1, 2014                    1

(5) Were you represented by counsel? If yes, provide the attorney's name:

YES...REGINALD WILSON

(6) What was the date that the judgment was entered?

FEBRUARY 20 2008

(7) For what offense were you convicted and what was the sentence?

INDEC.W/CHILD-BY SEXUAL CONTACT/LIFETIME CONFINMENT IN T.D.C.J.

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

N/A

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea
☑ not guilty

☐ guilty-plea bargain
☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

N/A

(10) What kind of trial did you have?

☐ no jury

☑ jury for guilt and punishment

2

☐ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO...I WAS NOT ASKED OR ALLOWED

(12) Did you appeal from the judgment of conviction?

X☒X yes         ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? 2nd DISTRICT FORT WORTH, TEXAS
TRANSFERED TO 7th DISTRICT AT AMARILLO, TX.

(B) What was the case number? 07-08-00155-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
YES...DAVID PEARSON IV

(D) What was the decision and the date of the decision? AFFIRMED/OCTOBER 30 2008

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes         ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? PD-1652-08

(B) What was the decision and the date of the decision? REFUSED/JULY 01, 2009

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

X☒X yes         ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR-40,355-03

3

(B) What was the decision and the date of the decision? DENIED W/O WRITTEN ORDER BASED ON TRIAL COURTS FINDINGS W/O A HEARING/SEPTEMBER 14 2011

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

NEWLY DISCOVERED VICTIM AND OUTCRY WITNESS RECANTATION

NEWLY AVAILABLE EVIDENCE OF PROSECUTORIAL INTIMIDATION

NEWLY AVAILABLE EVIDENCE OF THE PROSECUTION KNOWINGLY USED FALSE MATERIAL TESTIMONY

NEWLY AVAILABLE EVIDENCE OF ACTUAL INNOCENCE

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

N/A

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes     N/A     ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____ N/A _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

N/A

If you answered no, please explain why you have not submitted your claim:

4



(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

ACTUAL INNOCENCE

DUE PROCESS VIOLATION

**FACTS SUPPORTING GROUND ONE:**

The applicant is in possession of letters from state's material witnesses,

stating that not only was their trial testimony FALSE, but that it was

obtained by intimadation from the prosecutor's office. (see exhibit A)

The applicant is also in possession of paperwork from the J.V. Allred unit

mailroom, showing that the state contacted unit administration, requesting

all mail be stopped, both incoming and outgoing, between applicant and any

person involved in applicant's case(see exhibit B)"per assistant district

attorney Paige McCormick's request"...Which demonstrates the states continued

intentional denial of exculpatory evidence, that will unquestionably establish

applicant's actual innocence, establishing the need for an evidentiary hearing

to allow unfettered access to the truth. According to the letter presented

as exhibit A, the complaintant has recanted her trial testimony, and will do

so at the requested hearing and give pertinent testimony concerning the

6

false allegations.This denial includes material witnesses who are willing to testify to the coercion by the state and recantations of their testimony,and have attempted to send unsolicited affidavits supporting their recantations of trial testimony,which they state was not only false,but was coerced by Jana Jones and Paige McCormick(see exhibit C),Applicant is also in possession of letters stating that a material eyewitness who was at the house[Lorenzo James King Jr.][2RR173,196,199,225]will testify as to what really happened the day of the alleged incident,and was willing to testify at trial(see exhibit D).This eyewitness testimony was objected to,and prevented by the state and court at trial[2RR199,230,247]This witnesses testimony would have completely destroyed the state's case,therefore the state never attempted to call this eyewitness,and objected to the applicant's attempts at locating this witness[2RR199,247]The court after denying a request for a ONE HOUR recess to locate this witness,and having an unrecorded bench conference[2RR247]the court recessed for the evening[2RR254]after defense rested.

7

Rev. 01/14/14

**GROUND TWO:**

PROSECUTORIAL MISCONDUCT

DENIED RIGHT TO A FAIR TRIAL

**FACTS SUPPORTING GROUND TWO:**

Applicant is in possession of letters from the complaintant's aunt and also from the complaintant's mother stating that the prosecutor[Jana Jones] and the assistant prosecutor [Paige McCormick] had threatened both the complaintant and the complaintant's mother that "if they did not testify as instructed by the prosecutor,at trial,that the prosecutor would contact Child Protective service and have the complaintant taken away from her mother". This letter also states that the prosecutor "scared" the complaintant and told her what to say at trial[see exhibit C ] The applicant is also in possession of a letter from the complaintant's mother that states "I wanted to come see you but they [the prosecutor] said that if I had any contact with you that they would have my baby taken away"[see exhibit E ]This contact was while the applicant was in jail on pending forgery charges and before being indicted on this charge.

8

Rev. 01/14/14

This misconduct by the prosecutor deprived the applicant of obtaining key witnesses in his favor by dening any contact between the applicant and the complaintant's mother, because in the letter noted above the complaintant's mother states that "I wanted to come see you, but they threatened to take my daughter away from me". This intimadation by the prosecutor's office still continues inthat the prosecutor has sent a letter to the J.V.Allred administration and personally requested that the complaintant or her family not be allowed to contact the applicant, thereby continuing to deny the applicant exculpatory evidence, including unsolicited affidavits [see exhibit B ]which states that this request is "per assistant District Attorney Paige McCormick" who took it upon herself in an attempt to cover up her threats and intimadation that lead to false testimony at trial which lead to the conviction of an innocent man. This denial of contact was never ordered by the court and was never added as special or additional instructions in the judgement of the court, which can be clearly seen in the judgement at [C.R.104-106]

9

Rev. 01/14/14

## GROUND THREE:
### JUDICIAL MISCONDUCT/BIAS TRIAL JUDGE

### COMPULSORY PROCESS VIOLATION

## FACTS SUPPORTING GROUND THREE:

The trial judge prevented the applicant from presenting a material witness who was at the house the day of the alleged incident[2RR173,196,225].This witness was also at the courthouse the day of trial[2RR199,230]and was ready to testify as to what really happened at the house the day of the alleged assualt[see exhibit D]. This denial came after the judge had 2 discussions "off the record" at the bench[2RR199,247]with both the attorney and the prosecutor,beforeing denying the applicant's attorneys request for a "one hour" recess to locate this material witness who had stepped out of the courtroom briefly[2RR247]after this denial,the judge recessed for the evening 15 minutes later[2RR254]

This judge also allowed a juror that he had dismissed during

10

Rev. 01/14/14

challenge for cause, juror # 31 Cynthia Baldi, return to sit on the selected jury[2RR129-132].

11

**GROUND FOUR:**

DUE PROCESS VIOLATION BY THE TRIAL COURT

NEWLY AVAILABLE EVIDENCE AND/OR INFORMATION

**FACTS SUPPORTING GROUND FOUR:**

Applicant was never given an opportunity to respond to the supplemental affidavit that was submitted to the trial court by trial counsel(see exhibit F )in response to a remand order from the court of Criminal Appeals(see exhibit G )Applicant was denied his right to respond due to the fact that the court refused to provide applicant with a copy of supplemental affidavit(see exhibit H ) until "AFTER" the court of Criminal Appeals had denied applicant's writ on findings of trial court w/o a hearing.(see exhibit I ) The trial court allowed and accepted an affidavit from trial counsel Reginald Wilson(see exhibit J )in response to applicant's writ ground #8 which was Ineffective assistance of APPELLANT counsel David Pearson III whom was appointed by the court on May 20th 2008(see exhibit K )the courts NEVER allowed or gave

12

Rev. 01/14/14

Mr. David Pearson III appellant counsel the opportunity to

respond to allegations against him.

The court also accepted as well as used,in its decision making

process,not only forged documents(see exhibit L )but perjured

documents as well,including an affidavit from trial counsel

Reginald Wilson(see exhibit J ).

13

Rev. 01/14/14

GROUND:

GROUND FIVE:

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

## FACTS SUPPORTING GROUND:

My attorney at trial, Reginald Wilson, communicated an offer of 12 years TDC for the offense of Injury to a Child, and 15 months in the state jail. I told my lawyer that I would accept the 12 year offer, but asked if the 15 month state jail offer could be reduced to 12 months. My attorney said that he would check with the DA but he never responded back to me. This conversation was prior to trial. On the day of trial, my attorney told me the DA offered 8 years TDC for the offense of Indecency with a Child which I refused due to the fact that I would have to register as a sex offender for an Indecency conviction. The part of Exhibit "L" that states I refuse the 12 years and signed on February 13, 2008 is incorrect. The statement I wrote was that I would not accept 8 years TDC for Indecency with a Child. I signed this statement in the jury room on February 19, 2008, on a yellow piece of paper. That statement has been overlaid on to Exhibit "L". The dated and years on this statement have been changed.

14

## GROUND SIX: WITHHOLDING OF BRADY INFORMATION

James Forbus was the police officer who obtained the arrest warrant in my case. The affidavit is dated March 20, 2007. The conduct that I was prosecuted for was alleged to have occurred on March 19, 2007, the day before. My case went to trial in February, 2008. On December 3, 2007, Officer James Forbus was fired from the City of Jacksboro Police Department for conduct that occurred from October 7, 2006 up to December 3, 2007. James Forbus was convicted of this felony crime on April 25, 2012. My attorney and I were both unaware of this conduct until July of 2015, and after this application had been filed. I believe that if my attorney and I had known of the credibility issues of James Forbus, and presented them at my trial, the outcome would have been different.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, Ronald Wayne Harrison _____, am the (applicant) petitioner (circle one) and being presently incarcerated in T.D.C.J. - J.V. ALLRED UNIT _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on July 28th, 2015.

_____

Signature of (Applicant) Petitioner (circle one)

17

PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20____

_____
Signature of Petitioner

18